IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES,<br><br>    Petitioner,<br><br>v.<br><br>JEFFREY A. BEARD, Secretary of California Department of Corrections and Rehabilitation (CDCR),<br><br>    Respondent.                     / | No. C 13-00885 SBA (PR)<br><br>**ORDER TO SHOW CAUSE** |

    Petitioner, a state parolee proceeding pro se, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee.

    The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction, see id., but the allegations of the petition are to be liberally construed when considering whether the proper respondent has been named, see Belgarde v. Montana, 123 F.3d 1210, 1214 (9th Cir. 1997). The "'state officer having custody'" also may include "'the chief

officer in charge of state penal institutions.'" <u>Ortiz-Sandoval</u>, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).

Here, Petitioner has named as Respondent the "Superior Court of California." However, the proper respondent should be "'the chief officer in charge of state penal institutions,'" who has "custody" of Petitioner, a parolee. <u>See</u> Rule 2(a) advisory committee's note; Fed. R. Civ. P. 19(a). Accordingly, Secretary of CDCR Jeffrey A. Beard is named as the respondent in this action in place of "Superior Court of California." <u>See</u> <u>Ortiz-Sandoval</u>, 81 F.3d at 894.

Further, it does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2. Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the

motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. Secretary of CDCR Jeffrey A. Beard is substituted as Respondent pursuant Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

IT IS SO ORDERED.

DATED: 5/21/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES, | Case Number: CV13-00885 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SUPERIOR COURT OF CALIFORNIA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael James AD2470 / AQU348
8117 Sunkist Drive
Oakland, CA 94605

Dated: May 23, 2013

               Richard W. Wieking, Clerk
               By: Lisa Clark, Deputy Clerk