1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5          OAKLAND DIVISION

6

7   MICHAEL JAMES,                           Case No:  C 13-0885 SBA (PR)

            Petitioner              **ORDER DENYING PETITIONER'S**
8                                    **MOTION FOR LEAVE TO AMEND**
     v.                              **PETITION; GRANTING**
9                                    **RESPONDENT'S MOTION TO**
                                     **DISMISS PETITION AS UNTIMELY;**
10  JEFFREY A. BEARD, Secretary of    **AND DENYING CERTIFICATE OF**
    California Department of Corrections and   **APPEALABILITY**
    Rehabilitation ("CDCR"),
11
            Respondent.
12

13

14          Petitioner Michael James filed the instant pro se action for a writ of habeas corpus

15  pursuant to 28 U.S.C. § 2254.  The parties are presently before the Court on Respondent's

16  motion to dismiss the instant petition as untimely under the one-year limitations period

17  prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

18  U.S.C. § 2244(d).  Also before the Court is a submission by Petitioner entitled,

19  "Declaration of Michael James In Support of [His] Motion to Amend Complaint," which

20  the Court construes as a motion for leave to file an amended petition.

21          Having read and considered the papers submitted and being fully informed, the

22  Court DENIES Petitioner's motion for leave to file an amended petition, and GRANTS

23  Respondent's motion to dismiss the petition.

24  **I.     BACKGROUND**

25          On February 3, 2009, Petitioner pleaded no contest to dissuading a witness by force

26  or threat in violation of California Penal Code § 136.1(c)(1).  Petitioner later sought to

27  withdraw his plea, but the request was denied.  On March 20, 2009, the state court

28

sentenced Petitioner to three years in prison, suspended the execution of his sentence, and placed him on probation for five years.

On June 23, 2009, a petition to revoke Petitioner's probation was filed.  On October 13, 2009, the state court found Petitioner in violation of the terms of his probation, committed him to 120 days in jail for the violation, and modified the terms of his probation.

Petitioner appealed both matters which were consolidated by the California Court of Appeal.  On May 11, 2011, the California Court of Appeal affirmed Petitioner's conviction.  Answer, Ex. 1.  On July 27, 2011, the California Supreme Court denied review.  Answer, Ex. 2.

On March 23, 2012, Petitioner filed his first federal petition in this Court alleging several claims.  See Case No. C 12-01475 LHK (PR).  On November 13, 2012, the Court dismissed the petition based on Petitioner's failure to exhaust his state court remedies prior to filing his federal petition.  Answer, Ex. 3; Dkt. 4 of Case No. C 12-01475 LHK (PR) at 3.

On February 24, 2013,[1] Petitioner filed the instant petition.  Dkt. 1.  In response, Respondent has filed a Motion to Dismiss Habeas Petition as Untimely.  Dkt. 9.  The matter is fully briefed and is ripe for adjudication.  Dkt. 12, 15.

## II.   DISCUSSION

### A.   PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION

With regard to habeas petitions, district courts have "the discretion to decide whether the motion to amend should be granted."  Woods v. Carey, 525 F.3d 886, 890 (9th

---

[1] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). Because Petitioner signed the instant petition on February 24, 2013, that date would have been the earliest time he could have submitted it to prison authorities for mailing. Therefore, the Court deems the petition filed on February 24, 2013.

1    Cir. 2008).  Petitioner's request for leave to amend is both procedurally and substantively

2    infirm.

3          Civil Local Rule 10-1 requires any party seeking leave to amend to provide a copy

4    of the proposed pleading, which Petitioner has failed to do.  Although Petitioner is pro se,

5    he remains subject to the same rules and procedures as a represented party.  See Ghazali v.

6    Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).  The failure to comply with the Local

7    Rules, standing alone, warrants the denial of Petitioner's motion.  Tri-Valley CARES v.

8    U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the

9    result of a failure to comply with local rules is well within a district court's discretion.").

10         Even if the motion were properly presented, the basis of the motion is unclear.

11   Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition

12   must specify all grounds for relief and "state the facts supporting each ground."  Here, the

13   motion consists almost entirely of a discussion regarding the federal Whistleblower

14   Protection Act and the False Claims Act, without any elaboration as to how these statutes

15   relate, if at all, to his habeas petition or any proposed claims.  Moreover, as will be

16   discussed below, Petitioner's amended petition, the operative pleading before the Court, is

17   time-barred.  Accordingly, any further amendment to the petition would be futile.  See

18   Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995) ("Futility of amendment can, by itself,

19   justify the denial of a motion for leave to amend" in a habeas action).  Petitioner's request

20   for leave to amend is DENIED.

21         B.   **MOTION TO DISMISS**

22              1.   **Analysis**

23          AEDPA, which became law on April 24, 1996, imposes a statute of limitations on

24   petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners

25   challenging non-capital state convictions or sentences must be filed within one year of the

26   latest date on which: (1) the judgment became final after the conclusion of direct review or

27   the time passed for seeking direct review; (2) an impediment to filing an application

28   created by unconstitutional state action was removed, if such action prevented petitioner

3

from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitations period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner's, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See id.  "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); Bowen, 188 F.3d at 1159 (same).

In the present case, the limitations period started running on October 25, 2011—ninety days after the California Supreme Court denied review on July 27, 2011, when Petitioner's sentence became final.  See id.  Thus, Petitioner had one year from the time the limitations period started running—or until October 25, 2012—to file his federal habeas petition, absent tolling.  Petitioner did not file the present petition until February

24, 2013—four months after the limitations period had expired. The petition is therefore untimely unless Petitioner can show that he is entitled to tolling.

### a)      Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Here, Petitioner is not eligible for statutory tolling because he did not file any collateral petitions that would have served to avoid the statute of limitations. While Petitioner filed a previous federal petition in this Court, it is well-established that an application for federal habeas review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). As such, the limitations period was not tolled for the eight-month period during which Petitioner's first federal petition was pending in this Court. Id. at 181.[2] Because Petitioner is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1), unless he can show that he is entitled to equitable tolling of the limitations period.

### b)      Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure

---

[2] The Supreme Court has left open the question whether the limitation period can be equitably tolled during the time a federal petition was pending in federal court. See Duncan, 533 U.S. at 181. But regardless of the answer, Petitioner has set forth no facts whatsoever showing that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir 2002) (petitioner bears burden of showing that equitable tolling should apply to him).

to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288.  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing.  Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418); accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him."  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'"  Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Here, Petitioner does not contend in his opposition that he is entitled to equitable tolling.  Instead, Petitioner simply argues the merits of his case and the rules governing habeas actions—all of which are inapposite to whether his petition is untimely under AEDPA.  In view of Petitioner's failure to address the issue of equitable tolling, the Court finds that affording him a further opportunity to do so would be futile.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Based on the record presented, it is apparent that Petitioner's delay in filing his second federal petition (after exhausting his state court remedies), rather than extraordinary circumstances, resulted in his untimely filing.  See Miranda, 292 F.3d at 1065.  The Court finds that no basis for equitable tolling has been presented and that the petition is untimely.

United States District Court
Northern District of California

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  <u>See</u> Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).  For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

## IV.   <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.      Petitioner's motion for leave to amend his petition (dkt. 14) is DENIED.

2.      Respondent's motion to dismiss petition (dkt. 9) is GRANTED, and the petition is DISMISSED with prejudice.

3.      A certificate of appealability is DENIED.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4.      The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5.      This Order terminates Docket No. 9.

IT IS SO ORDERED.

Dated:  9/29/14

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.13\James0885.grantMTD(sol)092214.docx